JUDGE MARRERO

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

07 CV 1329

------------------------------------x
DOOYANG LIMITED,

               Plaintiff,

      -against-

NORWEGIAN BULK TRANSPORT AS,

               Defendant.
------------------------------------x

**ECF**
**VERIFIED COMPLAINT**



RECEIVED FEB 2 2 2007 U.S.D.C. S.D. N.Y. CASHIERS

      Plaintiff, DOOYANG LIMITED, (hereinafter referred to as "Plaintiff"), by and through its attorneys, Cardillo & Corbett, as and for its Verified Complaint against the Defendant, NORWEGIAN BULK TRANSPORT AS, (hereinafter referred to as "Defendant"), alleges, upon information and belief, as follows:

### JURISDICTION

      1.  This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 United States Code § 1333.

### THE PARTIES

      2.  At all times material to this action, Plaintiff was, and still is, a foreign company duly organized and existing under foreign law, with a principal place of business at Dooyang Building, 170-7, Samsung-Dong, Kangnam-Ku, Seoul 135-091, South Korea.

      3.  Plaintiff is and was, at all material times, the disponent owner of the M/V ST. ANDREW (the "Vessel").

4. Upon information and belief, Defendant was, and still is, a foreign corporation, or other business entity, organized under, and existing by virtue of foreign law, with a principal place of business in Straumeveien 206, 5151 Straumsgrend, Bergen, Norway and was at all material times the charterer of the Vessel.

### DEFENDANT'S BREACH OF CONTRACT

5. Plaintiff and Defendant entered into a time charter party dated August 15, 2006, pursuant to which Plaintiff let and Defendant hired the Vessel (the "Charter Party").

6. Plaintiff performed each and every obligation required of it under the terms of the Charter Party. Defendant, however, breached the Charter Party by redelivering the Vessel 5.5 days before the earliest redelivery date allowed under the terms of the Charter Party. As a result, Plaintiff has sustained damages for loss of hire, loss of time and bunker consumption in the amount of $69,782.01, as best as can be estimated at the present time.

7. Defendant also breached the Charter Party by loading a cargo of petroleum coke or petcoke, a dirty cargo, as the last cargo under the Charter Party despite the fact that the Charter Party expressly prohibited Defendants from doing so. As a result, Plaintiff has sustained damages for loss of

time, purchase of cleaning equipment, cleaning costs, and bunker consumption in the amount of $141,641.80, as best as can be estimated at the present time.

8. Plaintiff presented a preliminary Statement of Account dated January 26, 2007, to Defendant setting forth the above claims, plus a claim for outstanding hire in the amount of $10,390.29, all in the total amount of $221,814.10, no part of which has been paid, although duly demanded by Plaintiff.

### LONDON ARBITRATION

9. Plaintiff's claims against Defendant are subject to arbitration in London governed by English law pursuant to the terms of the Charter Party. Plaintiff's London solicitors have requested Defendant's solicitors to agree to a sole arbitrator and have proposed a list of arbitrators to choose from to hear the parties' disputes.

### PLAINTIFF'S DAMAGES

10. As best as can now be estimated, Plaintiff expects to recover the following amounts from Defendant:

| | | |
|---|---|---:|
| A. | Principal claim: | $221,814.10 |
| B. | Interest, Costs, Arbitrators and Attorneys Fees: | $122,384.36 |
| | Total: | $344,198.46 |

### DEFENDANT NOT FOUND WITHIN THE DISTRICT

11. The Defendant cannot be found within this

District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendant has, or will have during the pendency of this action, property within this District and subject to the jurisdiction of this Court, held in the hands of garnishees including, but not limited to, ABN Amro Bank NV, American Express Bank, Bank of America, Bank of Communications, Bank of New York, Barclays Bank, BNP Paribas, Citibank, Deutsche Bank, HSBC (USA) Bank, J.P. Morgan Chase, Standard Chartered Bank, UBS AG and/or Wachovia Bank, which are believed to be due and owing to the Defendant.

12.   The Plaintiff seeks an order from this court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims and also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching, *inter alia,* any property of the Defendant held by the aforesaid garnishees for the purpose of obtaining personal jurisdiction over the Defendant, and to secure Plaintiff's claim as described above.

**WHEREFORE,** Plaintiff prays:

A.   The process in due form of law issue against the Defendant, citing it to appear and answer under oath all and

singular the matters alleged in the Complaint;

    B.    That since the Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims and also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching all tangible or intangible property in whatever form or any other funds held by any garnishee, including, but not limited to, ABN Amro Bank NV, American Express Bank, Bank of America, Bank of Communications, Bank of New York, Barclays Bank, BNP Paribas, Citibank, Deutsche Bank, HSBC (USA) Bank, J.P. Morgan Chase, Standard Chartered Bank, UBS AG and/or Wachovia Bank, which are due and owing to the Defendant, in the amount of $344,198.46 to secure the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

    C.    That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof; and

    D. That the Plaintiff has such other, further and different relief as the Court may deem just and proper.

Dated: New York, New York
    February 21, 2007

            CARDILLO & CORBETT
            Attorneys for Plaintiff
            DOOYANG LIMITED

By: _____
    Tulio R. Prieto (TP8455)

    Office and P.O. Address
    29 Broadway, Suite 1710
    New York, New York 10006
    Tel: (212) 344-0464
    Fax: (212) 797-1212

**ATTORNEY'S VERIFICATION**

State of New York )
                  ) ss.:
County of New York)

    1.    My name is Tulio R. Prieto.

    2.    I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

    3.    I am a partner in the firm of Cardillo & Corbett, attorneys for the Plaintiff.

    4.    I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

    5.    The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

    6.    The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiff and agents and/or representatives of the Plaintiff.

    7.    I am authorized to make this Verification on behalf of the Plaintiff.

Dated:   February 21, 2007
         New York, New York

_____
Tulio R. Prieto

Sworn to this 22nd day
of February 2007

_____
NOTARY PUBLIC

CHRISTOPHIL B. COSTAS
Notary Public, State of New York
No. 31-0773693
Qualified in New York County
Commission Expires April 30, 2007